# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| ROBERT PALONCY, | : Case No. 3:16-cv-362 |
| Plaintiff, | : Magistrate Judge Sharon L. Ovington |
| | : (by full consent of the parties) |
| vs. | : |
| NANCY A. BERRYHILL, COMMISSIONER OF SOCIAL SECURITY, | : |
| Defendant. | : |

## DECISION AND ENTRY

This case is before the Court on the parties' Joint Stipulation to Award EAJA Fees. (Doc. #17). The parties hereby jointly stipulate to entry of an agreed order granting Plaintiff $3,000.00 (three thousand dollars) for attorney fees. The award shall fully and completely satisfy any and all claims for fees, costs, and expenses that may have been payable to Plaintiff in this case under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Prior to Plaintiff filing an EAJA petition, the parties jointly reached a resolution to settle the EAJA fees. The parties' joint stipulation represents a compromise on disputed positions and is not intended to set precedent for or a representation of any specific hourly rate or total number of hours.

Any fees paid belong to Plaintiff—not Plaintiff's attorney—and can be offset to satisfy pre-existing debt that Plaintiff owes the United States. *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). After entry of the award, if Defendant can verify that Plaintiff does

not owe a pre-existing debt to the government subject to offset, Defendant will direct payment of the award to Plaintiff's attorney pursuant to a valid EAJA assignment. Plaintiff's attorney has consented to the amount and method of payment.

**IT IS THEREFORE ORDERED THAT:**

1. The Parties' Joint Stipulation to Award EAJA Fees (Doc. #17) is accepted and the Commissioner shall pay Plaintiff's attorney fees, costs, and expenses in the total amount of $3,000.00;

2. Counsel for Defendant shall verify, **within thirty days of this Decision and Entry,** whether or not Plaintiff owes a pre-existing debt to the United States subject to offset. If no such pre-existing debt exists, Defendant shall pay the EAJA award directly to Plaintiff's counsel pursuant to a valid EAJA assignment; and

3. The case remains terminated on the docket of this Court.

**IT IS SO ORDERED.**

Date: June 8, 2017  *s/Sharon L. Ovington*
Sharon L. Ovington
United States Magistrate Judge